IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Frank Muns, ) | Civil Action No. 9:24-cv-00205-JFA-MHC |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Director or the Laurens County Detention ) | |
| Center, State of South Carolina, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner, proceeding pro se, filed a habeas petition pursuant to 28 U.S.C. § 2254. On May 28, 2024, Respondent filed a Motion for Summary Judgment, seeking dismissal of this case. ECF No. 19. As Petitioner is proceeding pro se, the Court entered a *Roseboro* Order on May 29, 2024, which was mailed to Petitioner, advising him of the importance of a dispositive motion and of the need to file an adequate response. ECF Nos. 20, 21. Petitioner was specifically advised that if he failed to file a properly supported response, Respondent's Motion may be granted, thereby ending his case. Petitioner's deadline to file a response to the Motion was July 1, 2024. *See* ECF No. 20. Notwithstanding the specific warning and instructions as set forth in the Court's *Roseboro* Order, Petitioner has failed to respond to the Motion for Summary Judgment.

Federal courts have the inherent power to dismiss an action, either *sua sponte* or on a party's motion, for failure to prosecute. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–32 (1962) (explaining that the "power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."); *see also* Fed. R. Civ. P. 41(b). In considering whether to dismiss a case for failure to prosecute, a district court should consider the following four criteria: "(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence

of 'a drawn out history of deliberately proceeding in a dilatory fashion,' and (4) the existence of a sanction less drastic than dismissal." *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (quoting *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978)).

Based on the foregoing procedural history, the undersigned finds that Petitioner meets the criteria for dismissal under *Lopez*. Petitioner is personally responsible for proceeding in a dilatory fashion; Respondent is suffering prejudice because of having to expend time and resources on a case in which Petitioner is unresponsive; and no sanctions other than dismissal appear to exist, as Petitioner has otherwise failed to respond to Court filings despite a Court order requiring him to do so. *See Lopez*, 669 F.2d at 920.

Accordingly, it is **RECOMMENDED** that this action be **DISMISSED** for lack of prosecution. *See Davis*, 588 F.2d at 70; Fed. R. Civ. P. 41(b); *see also Coker v. Int'l Paper Co.*, No. 08-1865, 2010 WL 1072643, at *2 (D.S.C. Mar. 18, 2010) (noting that a plaintiff can abandon claims by failing to address them in response to a dispositive motion); *Jones v. Family Health Ctr., Inc.*, 323 F. Supp. 2d 681, 690 (D.S.C. 2003) (noting that a claim not addressed in opposition memorandum had been abandoned).

**The Clerk shall mail this Report and Recommendation to Petitioner at his last known address. If Petitioner provides a response to the Motion for Summary Judgment within the time set forth for filing objections to this Report and Recommendation, the Clerk is directed to vacate this Report and Recommendation and return this file to the undersigned for further handling.**

If, however, no response is filed, the Clerk shall forward this Report and Recommendation to the District Judge for disposition. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (Magistrate Judge's prior explicit warning that a recommendation of dismissal would result from plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when plaintiff did

not comply despite warning).[1]

It is so **RECOMMENDED**.

The parties are referred to the Notice Page attached hereto.

August 12, 2024
Charleston, South Carolina

Molly H. Cherry
United States Magistrate Judge

---

[1] After a litigant has received one explicit warning as to the consequences of failing to timely comply with an order of a Magistrate Judge, and has failed to respond to that order, the district court may, under Federal Rule of Civil Procedure 41(b), dismiss the complaint based upon the litigant's failure to comply with that court order. *See Simpson v. Welch*, 900 F.2d 33, 35–36 (4th Cir. 1990); *see also Ballard*, 882 F.2d at 95–96 (holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).